# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ATS PRODUCTS, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**FRANK GHIORSO, et al.,** )<br>)<br>**Defendants.** )<br>)<br>) | Case No. 11-mc-109-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on Spirit AeroSystems, Inc.'s motion for an order quashing plaintiff's records subpoena (Doc. 1) and plaintiff's motion for an extension of time to file its response (Doc. 4). As explained in greater detail below, the motion to quash shall be GRANTED and the motion for an extension of time shall be DENIED.

On April 5, 2011, non-party Spirit AeroSystems, Inc. ("Spirit") received a records subpoena from a California document collection service, Quest Discovery Services, requiring production of documents on April 13, 2011. The subpoena relates to <u>ATS Products, Inc. v. Ghiorso, et al.</u>, (CV10-04880-BZ), an action pending in the United States District Court for the Northern District of California. Because the requested records are located at Spirit's plant in Wichita, Kansas, the subpoena was issued from the United States District Court for the District of Kansas.

As a preliminary matter, ATS failed to file a timely response to Spirit's motion to quash. A response to the motion to quash was due April 27, 2011 and ATS failed to timely file its response. D. Kan. Rule 7.4(b) provides that "absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." If a timely response brief is not filed, the motion is considered uncontested and generally granted without further notice.

ATS failed to file a timely response to the motion and belatedly moves for leave to file its response out of time, arguing "excusable neglect." (Doc. 8).[1] Specifically, plaintiff's California attorney argues that he was unfamiliar with this court's local rules and "Spirits' counsel failed to inform him of the local rules." (Doc. 8, p. 2). However, ignorance of the local rules does not constitute excusable neglect. <u>Allen v. Magic Media, Inc.</u>, No. 09-4139-SAC, 2011 WL 903959 (D. Kan. March 15, 2011). Moreover, Spirit's counsel was under no obligation to advise ATS of the deadline for responding to the motion to quash. Plaintiff's attempt to blame opposing counsel for missing the response deadline is frivolous and unprofessional.

ATS also argues "excusable neglect" because Spirit "is an offshoot of Boeing" and it took ATS longer to locate Kansas counsel without a conflict. Plaintiff's assertion of

---

[1] The court granted a related motion to quash by Frank Ghiorso on May 2, 2011 for failure to timely file a response brief. Case No. 11-mc-110-MLB, Doc. 3. ATS concedes that the ruling on Ghiorso's motion prompted the filing of a motion for an extension of time to respond to Spirit's motion to quash.

difficulty locating Kansas counsel because of potential "conflicts" is troubling. Boeing has been a party to numerous lawsuits in the District of Kansas and the Kansas lawyers representing Boeing are well documented and relatively few in number.[2] Spirit came into existence more recently, but is similarly represented by a small number of Kansas attorneys which is also well documented. Based on this court's knowledge of attorneys practicing before the United States District Court of Kansas, the assertion that the response was somehow delayed because of "conflict" issues is rejected.[3]

Finally, the response brief which ATS seeks to file fails to address the first argument raised by Spirit in support of its motion to quash. Specifically, Spirit argues that the subpoena is not valid because it was not signed by the clerk of the district court or by plaintiff's counsel. The court has reviewed the subpoena served on Spirit and it is unsigned and defective on its face. See Fed. R. Civ. P. 45(a)(3) (detailing who may issue a subpoena). Because ATS fails to address a fatal flaw concerning its subpoena, filing the response out of time would be a futile act. ATS failed to file a timely response to Spirit's motion to quash; therefore, the motion shall be granted pursuant to D. Kan. Rule 7.4.

Even if the court were to allow ATS to file its response brief out of time, Spirit's

---

[2] A simple Westlaw search or query of the court's electronic case docketing system would reveal that Boeing and Spirit are represented in nearly every federal case in Kansas by the Foulston Siefkin firm which is headquartered in Wichita, Kansas and is the same firm which filed this motion to quash.

[3] The court reserves further comment concerning the efforts by ATS to secure Kansas counsel.

-3-

motion to quash would still be granted for the following reasons. First as noted above, the subpoena is unsigned and defective on its face. Second, the subpoena contains five separate requests for *all* documents in Spirits possession that (1) contain the name of defendant Frank Ghiorso and any company he may have worked for since January 1, 2005; (2) concern litigation, settlement, or related agreements between Spirit and Frank Ghiorso; (3) contain the name Thermalguard Technology, LLC; (4) contain the name Thermalguard, LLC; or (5) "concern the exchange of confidential information" by or with five named parties. Spirit argues that the subpoena should be quashed because it is overly broad and would require Spirit to disclose "trade secrets and other confidential research, development, or commercial information." Doc. 8, p. 1. Spirit also contends that it is a "non-party" to the California litigation and an extensive search of its e-mails and networks would require significant time and expense. Finally, Spirit argues the term "confidential information" in topic 5 is not defined and the request would cover business negotiations, product development and other proprietary information that Spirit does not want to disclose to competitors.

The court agrees that, as presently drafted, the topics listed in plaintiff's subpoena are overly broad. Moreover, the court will not require Spirit, a non-party, to search all of its records and databases for document requests that are overly broad. Under the circumstances, Spirit's motion to quash shall be granted.

**IT IS THEREFORE ORDERED** that Spirit's motion to quash **(Doc. 1)** is **GRANTED**. ATS's motion for an extension of time to file its response brief **(Doc. 4)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of June 2011.

                                            <u>S/ Karen M. Humphreys</u>
                                            KAREN M. HUMPHREYS
                                            United States Magistrate Judge